IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRIS BROWNFIELD o/b/o A.B., <br> Plaintiff, <br> <br> vs. <br> <br> CAROLYN W. COLVIN <br> ACTING COMMISSIONER OF SOCIAL <br> SECURITY, <br> Defendant. | Civil Action No. 15-1263 <br> Judge Donetta W. Ambrose |

# OPINION
## and
# ORDER OF COURT

Pending before the Court are Cross Motions for Summary Judgment. *See ECF Docket Nos.* [14] and [17]. Both parties have filed Briefs in Support of their Motions and the Plaintiff has also filed a Statement of Material Facts and a Reply Brief. *See ECF Docket Nos.* [15], [16], [18], and [19]. After careful consideration of the submissions of the parties, and based upon my Opinion set forth below, the ALJ's decision is affirmed.

## Background

Plaintiff, Chris Brownfield, brings this action on behalf of her minor daughter, A.B., pursuant to the Social Security Act (the Act) for review of the Commissioner's final determination denying an application for supplemental security income (SSI). Plaintiff ("the Mother") protectively filed for SSI on July 20, 2010, alleging that her daughter developed a disability as of January 1, 2008 due to developmental delay, attention deficit hyperactivity disorder (ADHD), depression, and bipolar disorder. (R. 187, 189,

1

192). In an opinion dated April 19, 2012, an Administrative Law Judge (ALJ) found that while A.B. had severe impairments, she was not disabled within the meaning of the Act and denied the Mother's claim for benefits. (R. 12-29). The Mother subsequently filed an action in this Court requesting review of the ALJ's decision. The undersigned vacated the ALJ's 2012 decision and remanded the case for further consideration, finding that the ALJ's discussion of the Teacher Questionnaires was incomplete. *Brownfield v. Colvin*, No. Civ. A. 13-1090, 2014 WL 2154908 (W.D. Pa. May 22, 2014). Specifically, the undersigned acknowledged that the ALJ did consider the teacher evaluations, but found it impossible from her decision to determine whether the ALJ accepted the evaluations as persuasive evidence or rejected them as contradicted by other evidence of record.

On remand, the Appeals Council vacated the ALJ's 2012 decision and sent the case back to the ALJ for further proceedings consistent with the District Court's Order. (R. 581). Another hearing was held on March 31, 2015, at which both the Mother and her daughter testified. (R. 460-539). In a decision dated July 22, 2015, the ALJ denied benefits, finding again that A.B.'s impairments did not meet a listing. (R. 432-54). On September 29, 2015, the instant complaint was filed, seeking review of the 2015 decision.

## Legal Analysis

1.     Standard of Review

In reviewing an administrative determination of the Commissioner, the question before any court is whether there is substantial evidence in the agency record to

2

support the findings of the Commissioner that the plaintiff failed to sustain his/her burden of demonstrating that he/she was disabled within the meaning of the Social Security Act. Richardson v. Perales, 402 U.S. 389 (1971); Adorno v. Shalala, 40 F.3d 43 (3d Cir.1994).

It is provided in 42 U.S.C. Section 405(g) that:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive....

Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, Johnson v. Comm'r. of Soc. Sec., 529 F.3d 198 (3d Cir. 2008), and the court may not set aside a decision supported by substantial evidence. Hartranft v. Apfel, 181 F.3d 358 (3d Cir.1999).

The Act provides that a child under 18 is "disabled" for purposes of SSI eligibility if he or she "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). The Commissioner follows a three-step sequential process in determining childhood disability: (1) whether the child is doing substantial gainful activity; (2) if not, whether he has a medically determinable severe impairment; (3) if so, whether the child's severe impairment meets, medically equals, or functionally equals the severity of a set of criteria for an impairment listed

3

in 20 C.F.R. § 416.924(d), 20 C.F.R. § 416.924. An impairment functionally equals a listed impairment if the child has "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 416.926(a). The six domains are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i)-(iv). When evaluating the ability to function in each domain, the ALJ considers the following: whether the impairment(s) affect the claimant's functioning and whether the claimant's activities are typical of other children of the same age who do not have impairments; the activities that the claimant is able to perform; activities that the claimant is unable to perform; which of the claimant's activities are limited or restricted compared to other children of the same age who do not have impairments; where the claimant has difficulty independently initiating, sustaining, or completing activities; and what kind of help the claimant needs in order to do activities, including how much and how often help is needed. 20 C.F.R. § 416.926a(b)(2) (i)-(vi).

2. Discussion

Here, the Mother seeks another remand, urging that the ALJ's assessment with regard to A.B.'s ability to "care for herself" lacks substantial support because the ALJ relied solely upon dated teacher evaluations. *See ECF Docket No.* [16], p. 3-6. The Mother insists that the ALJ ignored evidence postdating the last hearing which demonstrated that A.B. displayed significant limitations with regards to her ability to care for herself. I find the Mother's challenges to be unpersuasive.

A careful review of the ALJ's decision, including both the general discussion

4

under the section addressing whether A.B. had an impairment that meets or medically equals the severity of one of the listed impairments, as well as the particular section addressing "Caring for Yourself," convinces me that the ALJ did, in fact, consider more than the Teacher Questionnaires and that she looked at evidence post-dating her prior decision. (R. 452) For instance, the ALJ considered the Mother's testimony indicating that A.B.'s failure to maintain appropriate hygiene was based upon "laziness" or a refusal rather than an inability to act independently. (R. 452) Additionally, the ALJ considered A.B.'s own testimony that she was capable of bathing and washing her hair. (R. 452) The ALJ also clearly considered newer medical records, noting that there were periods when A.B. demonstrated an improvement. (R. 445) (stating, "the records show that when she was compliant with medication and in therapy she was able to do well in Cyber School and a vo tech program without behavioral problems, follow rules, maintain her hygiene, maintain a stable mood and her attention deficit hyperactivity disorder symptoms were fairly well managed (Exhibit 7F/10, 15F/17, 20, 21, 23, 24, 26, 27, 29, 17F)." (R. 445) and (R. 444) (stating "the records show improvement when the claimant is compliant with her medication including doing well in her Cyber School program and carpentry classes without behavioral problems, no significant outbursts, less irritability, better sleep, improved concentration, and better mood stability. Her psychiatrist stated that she 'has demonstrated a complete turnaround with significantly improved behaviors, well-managed ADHD symptoms and mood stability as a result of medication compliance and therapy.' (Exhibit 15F/21, 23, 24, 26, 27, 29, 17F).") *See also* (R. 443) (stating, "[t]he claimant's improvement with symptoms, including no hyperactivity, improved concentration and focus, improved behavior and mood stability

5

when she was compliant with treatment, indicates that she is less limited than alleged.") The ALJ's statements in these respects clearly indicate that, contrary to the Mother's assertions, the ALJ's decision was based upon more than simply the Teacher Questionnaires. As such, I find the Mother's challenges to be unpersuasive.

For these reasons, the Motion for Summary Judgment submitted on behalf of Plaintiff (Docket No. 14) is denied, and the Motion for Summary Judgment submitted on behalf of the Defendant (Docket No. 17) is granted, and the decision of the Commissioner is affirmed.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRIS BROWNFIELD o/b/o A.B., )
       Plaintiff, )
        )
       vs. )    Civil Action No. 15-1263
        )    Judge Donetta W. Ambrose
CAROLYN W. COLVIN )
ACTING COMMISIONER OF SOCIAL )
SECURITY, )
       Defendant. )

## ORDER OF COURT

THEREFORE, this 7th day of July, 2016, it is ordered that the decision of the ALJ is affirmed and the Defendant's Motion for Summary Judgment (Docket No. 17) is granted, and Plaintiff's Motion for Summary Judgment (Docket No. 14) is denied.

               BY THE COURT:

               s/ Donetta W. Ambrose
               Donetta W. Ambrose
               United States Senior District Judge